IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLAXO GROUP LTD. and
GLAXOSMITHKLINE LLC

        Plaintiffs,

    v.

AUROBINDO  PHARMA USA, INC. and
AUROBINDO PHARMA LTD.

        Defendants.

C.A. No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Glaxo Group Ltd. and GlaxoSmithKline LLC ("GSK"), by their attorneys, in a Complaint against Defendants Aurobindo Pharma USA, Inc. and Aurobindo Pharma Ltd. ("Aurobindo"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of U.S. Patent No. 8,637,512 ("the '512 patent," attached as Exhibit A) and U.S. Patent No. 9,144,547, ("the '547 patent," attached as Exhibit B) arising under the patent laws of the United States, Title 35 United States Code §§ 271 and 281.  This action relates to the filing of Abbreviated New Drug Application ("ANDA") No. 211054 with the U.S. Food and Drug Administration ("FDA") seeking approval to market Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets, generic versions of the corresponding dosages of GSK's LAMICTAL XR® drug products.

## PARTIES

2.      Plaintiff Glaxo Group Ltd. is a private company, limited by shares, organized under the laws of England and Wales, with its principal place of business located at 980 Great West Road, Brentford, Middlesex, England.

3.      Plaintiff GlaxoSmithKline LLC is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 5 Crescent Drive, Philadelphia, PA 19112.

4.      Upon information and belief, Defendant Aurobindo Pharma Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Plot #2, Maitrivihar, Ameerpet, Hyderabad – 500038, Telagana, India.

5.      Upon information and belief, Defendant Aurobindo Pharma USA Inc. is a corporation organized and existing under the laws of Delaware, having an office and place of business at 279 Princeton-Hightstown Rd, East Windsor, NJ 08520.  Upon information and belief, Aurobindo Pharma USA Inc. is a wholly owned subsidiary of Aurobindo Pharma Ltd. Upon information and belief, following any FDA approval of ANDA No. 211054, Defendant Aurobindo will make, use, offer to sell, and/or sell the generic products that are the subject of ANDA No. 211054 throughout the United States, including this judicial district, and import such generic products into the United States, including into this judicial district.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

7.      This Court has personal jurisdiction over Aurobindo Pharma USA because Aurobindo Pharma USA is incorporated in the state of Delaware.

8.      Upon information and belief, Aurobindo Pharma Ltd., by itself and/or through its affiliates and agents including Aurobindo Pharma USA, is in the business, *inter alia*, of developing, manufacturing, and obtaining regulatory approval of generic copies of branded pharmaceutical products for distribution and sale throughout the United States, including within this judicial district.

9.      Upon information and belief, Aurobindo Pharma Ltd. and Aurobindo Pharma USA work in concert for purposes of developing, formulating, manufacturing, marketing and selling its generic drug products throughout the United States, including Delaware.  Upon information and belief, upon receiving FDA approval, Aurobindo intends to market and sell the proposed products at issue in this litigation in this judicial district.  This Court has jurisdiction over Aurobindo Ltd.

10.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) because Aurobindo is incorporated in the state of Delaware.

## PATENTS-IN-SUIT

### The '512 Patent

11.     GSK is the owner by assignment of the '512 patent, entitled "Formulations and Method of Treatment," which the U.S. Patent and Trademark Office duly and legally issued on January 28, 2014.  A true and correct copy of the '512 patent is attached hereto as Exhibit A.

12.     The '512 patent discloses and claims sustained release formulations of lamotrigine in claims 1-3, which are valid and enforceable.

13.     The '512 patent is listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with

NDA No. 22-115 and LAMICTAL XR® (25 mg, 50 mg, 100 mg, 200 mg, 250 mg and 300 mg) tablets.

14.     The Orange Book states that the '512 patent expires on June 14, 2028.

**The '547 Patent**

15.     GSK is the owner by assignment of the '547 patent, entitled "Oral Dosage Form for Controlled Release," which the U.S. Patent and Trademark Office duly and legally issued on September 29, 2015.  A true and correct copy of the '547 patent is attached hereto as Exhibit B.

16.     The '547 patent discloses and claims sustained-release oral dosage forms in claims 1-7, and a process for making them in claim 8, which claims are valid and enforceable.

17.     The '547 patent is listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with NDA No. 22-115 and LAMICTAL XR® (25 mg, 50 mg, 100 mg, 200 mg, 250 mg and 300 mg) tablets.

18.     The Orange Book states that the '547 patent expires on September 22, 2023.

19.     Lamotrigine is the active ingredient in Aurobindo's generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets and the corresponding dosages of GSK's LAMICTAL XR® drug products.

20.     LAMICTAL XR® is a commercial embodiment of the '512 and '547 patents.

21.     GSK holds approved New Drug Application ("NDA"), No. 22-115, for extended release lamotrigine tablets, (25 mg, 50 mg, 100 mg, 200 mg, 250 mg and 300 mg) dosage strengths, under the registered name LAMICTAL XR®.  As stated in the FDA approved

label for LAMICTAL XR® ("GSK LAMICTAL XR® Label"), LAMICTAL XR® is indicated for "adjunctive therapy for primary generalized tonic-clonic seizures and partial-onset seizures with or without secondary generalization in patients aged 13 years and older," and "conversion to monotherapy in patients aged 13 years and older with partial-onset seizures who are receiving treatment with a single AED."

**INFRINGEMENT BY AUROBINDO**

22.     By letter dated November 13, 2017 ("Notice Letter"), which GSK received on November 14, 2017, Aurobindo Pharma USA notified GSK that it had submitted ANDA No. 211054 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, and sale of generic Lamotrigine Extended Release tablets before the expiration of the '512 and '547 patents.  This Notice Letter provided an Offer of Confidential Access, pursuant to 21 U.S.C. § 355 (j)(5)(C ), ("OCA").

23.     Upon information and belief, Aurobindo intends to engage in the commercial manufacture, use, and sale of generic Lamotrigine Extended Release tablets promptly upon receiving FDA approval.  Aurobindo's Notice Letter stated that Aurobindo's ANDA contains a certification pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) ("Paragraph IV Certification ") against the Orange Book listed '512 and '547 patents.

24.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Aurobindo's submission of ANDA No. 211054 with a Paragraph IV Certification against the Orange Book listed '512 and '547 patents constitutes an act of infringement.  *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 693 F. Supp. 2d 409, 416 (D. Del. 2010) (citing *Caraco Pharm. Labs., Ltd. v. Forest Labs., Ltd.*, 527 F.3d 1278, 1283 (Fed.Cir.2008) ("§ 271(e)(2) is designed to

- 5 -

create an artificial act of infringement for purposes of establishing jurisdiction in the federal courts.")

25.     By filing ANDA No. 211054, upon information and belief, Aurobindo represented to the FDA that its generic Lamotrigine Extended Release tablets have the same active ingredient as LAMICTAL XR®, have the same route of administration, dosage form, and strength as LAMICTAL XR®, and are bioequivalent to LAMICTAL XR®.

26.     Upon FDA approval of ANDA No. 211054, upon information and belief, Aurobindo will import, make, use, offer to sell, and/or sell in the United States Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets that fall within the scope of the claims of the '512 patent and the '547 patent.

27.     By letter dated December 1, 2017, counsel for Plaintiffs, Lisa M. Ferri, provided counsel for Aurobindo, Steven J. Moore, the executed OCA and a request for the information from ANDA No. 211054  via electronic mail and overnight mail delivery.  Receipt of the executed OCA was confirmed by Mr. Moore.  To date, counsel for GSK has not received the information from ANDA No. 211054, despite a number of follow-up requests for the information made to Mr. Moore including, on December 15, 18,  22nd and 27th, 2017.

28.     Aurobindo failed to provide GSK's attorneys access to the ANDA within the limited 45-day window in which GSK has to file this complaint,  21 U.S.C. § 355(3)(c)(3), and thus failed to provide any of the information that is necessary for GSK's attorneys to assess Aurobindo's claim of non-infringement made in its Notice Letter.  In the absence of the necessary information from Aurobindo's ANDA, GSK is forced to resort to the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, the information required to confirm its belief and present to the Court evidence that Aurobindo infringes one or

more claims of the asserted patents.  *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F. 3d 1359 (Fed. Cir. 2000); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 693 F. Supp. 2d 409, 416-417 (D. Del. 2010).

29.     If Aurobindo's infringement of the '512 and '547 patents is not enjoined, GSK will suffer substantial harm for which there is no adequate remedy at law.

## COUNT I (INFRINGEMENT OF THE '512 PATENT)

30.     Each of the preceding paragraphs 1 to 29 is incorporated as if fully set forth herein.

31.     Aurobindo's submission of ANDA No. 211054 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets prior to the expiration of the '512 patent constitutes infringement of one or more claims of the '512 patent under 35 U.S.C. § 271(e)(2)(A).

32.     Aurobindo sent GSK the Notice Letter, stating that Aurobindo seeks approval to engage in the commercial manufacture, use, or sale of generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets prior to the expiration of the '512 patent and that the '512 patent is invalid, unenforceable and/or would not be infringed by Aurobindo's generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets.

33.     Upon information and belief, upon receiving final FDA approval, Aurobindo will import, make, use, offer to sell, and/or sell generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets in the United States, infringing one

or more claims of the '512 patent in violation of 35 U.S.C. § 271, unless enjoined from so doing by this Court.

34.     Upon information and belief, Aurobindo had actual and constructive knowledge of the '512 patent prior to filing ANDA No. 211054.

35.     If Aurobindo's infringement of the '512 patent is not enjoined, GSK will suffer substantial harm for which there is no adequate remedy at law.


## COUNT II (INFRINGEMENT OF THE '547 PATENT)

36.     Each of the preceding paragraphs 1 to 35 is incorporated as if fully set forth herein.

37.     Aurobindo's submission of ANDA No. 211054 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets prior to the expiration of the '547 patent constitutes infringement of one or more claims of the '547 patent under 35 U.S.C. § 271(e)(2)(A).

38.     Aurobindo sent GSK the Notice Letter, stating that Aurobindo seeks approval to engage in the commercial manufacture, use, or sale of generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets prior to the expiration of the '547 patent and that the '547 patent is invalid, unenforceable and/or would not be infringed by Aurobindo's generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets.

39.     Upon information and belief, upon receiving FDA approval, Aurobindo will import, make, use, offer to sell, and/or sell generic Lamotrigine Extended Release (25 mg,

50 mg, 100 mg, 200 mg and 300 mg) tablets in the United States, infringing one or more claims

of the '547 patent in violation of 35 U.S.C. § 271, unless enjoined from so doing by this Court.

40.     Upon information and belief, Aurobindo had actual and constructive

knowledge of the '547 patent prior to filing ANDA No. 211054.

41.     If Aurobindo's infringement of the '547 patent is not enjoined, GSK will

suffer substantial harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

a)     A judgment that one or more claims of the '512 patent is infringed by

Aurobindo's submission of ANDA No. 211054, and that Aurobindo's making, using, offering to

sell, or selling in the United States, or importing into the United States, of generic Lamotrigine

Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets will infringe one or more

claims of the '512 patent;

b)     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective

date of any approval of ANDA No. 211054 shall be a date which is not earlier than the latest

expiration date of the '512 patent, including any extensions and/or additional periods of

exclusivity to which Plaintiffs are or become entitled;

c)     An order permanently enjoining Aurobindo, its affiliates, subsidiaries, and

each of its officers, agents, servants and employees and those acting in privity or concert with

them, from making, using, offering to sell, or selling in the United States, or importing into the

United States generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300

mg) tablets until after the latest expiration date of the '512 patent including any extensions

and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

        d)      Damages or other monetary relief to Plaintiffs if Aurobindo engages in the

commercial manufacture, use, offer to sell, sale, or importation in or into the United States of

generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets

prior to the latest expiration date of the '512 patent including any extensions and/or additional

periods of exclusivity to which Plaintiffs are or become entitled;

        e)      A judgment that one or more claims of the '547 patent is infringed by

Aurobindo's submission of ANDA No. 211054, and that Aurobindo's making, using, offering to

sell, or selling in the United States, or importing into the United States, of generic Lamotrigine

Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets will infringe one or more

claims of the '512 patent;

        f)      An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective

date of any approval of ANDA No. 211054 shall be a date which is not earlier than the latest

expiration date of the '547 patent, including any extensions and/or additional periods of

exclusivity to which Plaintiffs are or become entitled;

        g)      An order permanently enjoining Aurobindo, its affiliates, subsidiaries, and

each of its officers, agents, servants and employees and those acting in privity or concert with

them, from making, using, offering to sell, or selling in the United States, or importing into the

United States generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300

mg) tablets until after the latest expiration date of the '547 patent including any extensions

and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

- 10 -

        h)       Damages or other monetary relief to Plaintiffs if Aurobindo engages in the commercial manufacture, use, offer to sell, sale, or importation in or into the United States of generic Lamotrigine Extended Release (25 mg, 50 mg, 100 mg, 200 mg and 300 mg) tablets prior to the latest expiration date of the '547 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled; and

        i)       Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285, and an award of costs and pre and post-judgment interest to the Plaintiffs.

Dated:  December 27, 2017

Of Counsel:

Lisa M. Ferri
Colleen Tracy James
Scott A. McMurry
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
lferri@mayerbrown.com
ctracyjames@mayerbrown.com
smcmurry@mayerbrown.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Phone: 302-777-0336
Fax: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Glaxo Group Ltd. and Glaxosmithkline LLC*